UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-MDL-1836(JMR)
08-CV-5755(JMR/FLN)


Robyn Wilhoit et al.            )
                               )
          v.                   )      ORDER
                               )
Boehringer Ingelheim           )
Pharmaceuticals, Inc., et al. )


Plaintiffs' is one of over 400 cases which have been transferred to this District as part of a Multi-District Litigation ("MDL") involving Mirapex, a prescription drug.  The case was originally filed in Oklahoma state court, and has been removed by defendants to Oklahoma federal court.  Once in federal court, it was transferred to this District as part of the MDL proceedings. Plaintiffs ask this Court to remand their case to the District of Oklahoma, for remand to state court.  Plaintiffs' motion is denied.

I.   Background

Plaintiffs live in Oklahoma.  They filed this action in Oklahoma state court on March 28, 2008.  Plaintiffs sued defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Pfizer, Inc. ("Pfizer"), and Dr. Jonathan Schwartz.  Their complaint alleges defendants BIPI and Pfizer manufactured - and Dr. Schwartz prescribed - the drug Mirapex, which allegedly caused plaintiff Robyn Wilhoit to engage in compulsive gambling.

On May 7, 2008, Pfizer removed this action to federal court based on diversity jurisdiction.  28 U.S.C. § 1332(a).  BIPI

consented to removal; Dr. Schwartz, an Oklahoma citizen, did not.

Plaintiffs moved to remand.  While their motion was pending, the

Judicial Panel on Multidistrict Litigation transferred the case to

this Court as part of MDL No. 07-1836.   28 U.S.C. § 1407.

Plaintiffs have renewed their motion before this Court, arguing

removal is improper.

II.  <u>Analysis</u>

"Where several defendants are jointly sued in a state court on

a joint cause of action, the suit, as a general rule, may not be

removed to federal court on diversity grounds unless all the

defendants join in the removal."  <u>Bradley v. Md. Cas. Co.</u>, 382 F.2d

415, 419 (8th Cir. 1967); <u>see</u> 28 U.S.C. § 1446(a).  There is,

however, an exception to this requirement.   The law does not

require consent from a defendant who has been fraudulently joined.

<u>See</u> <u>Jernigan v. Ashland Oil</u>, 989 F.2d 812, 815 (5th Cir. 1993).

"Fraudulent joinder" exists when a party has been named a

defendant in order to defeat diversity jurisdiction.  "Joinder is

fraudulent, and removal is proper, when there exists no reasonable

basis in fact and law supporting a claim against the resident

defendant."  <u>Wiles v. Capitol Indem. Corp.</u>, 280 F.3d 868, 871 (8th

Cir. 2002).  The court must consider the "reasonableness of the

basis underlying the state claim."  <u>Menz v. New Holland North Am.,</u>

<u>Inc.</u>, 440 F.3d 1002, 1004 (8th Cir. 2006).  If the complaint

clearly fails to state a cause of action against the resident

defendant, joinder is fraudulent.  See Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003).  But "if there is a colorable cause of action – that is, if state law might impose liability on the resident defendant under the facts alleged," there is no fraudulent joinder.  Id. (emphasis in original).  In considering whether there is a colorable cause of action, a federal court should be slow to create or expand a duty of care under state law.  See Menz, 440 F.3d at 1005.

According to the complaint, Robyn Wilhoit suffered from restless leg syndrome ("RLS").  She claims Dr. Schwartz, in August, 2004, prescribed Mirapex for her condition "negligently and recklessly . . . without the necessary warnings."  She also claims Dr. Schwartz failed to "monitor . . . [her] progression and well-being, inquire as to new symptoms and side-effects or recommend any alternative course of action for her symptoms."  (Compl. ¶¶ 20, 36.)

The question for the Court is whether these conclusory allegations, read in the context of the complaint as a whole, suggest Oklahoma law might render Dr. Schwartz negligent and liable to his patient.  The Court concludes they do not.

Oklahoma courts long ago adopted the theory of a manufacturer's strict liability for defective products, found in Section 402A of the Restatement (Second) of Torts.  See Kirkland v. General Motors Corp., 521 P.2d 1353, 1363 (Okla. 1974).

Prescription drugs are considered "unavoidably unsafe products," meaning their manufacturer has a duty to warn the user of their risks.  Edwards v. Basel Pharmaceuticals, 933 P.2d 298, 300 (Okla. 1997); McKee v. Moore, 648 P.2d 21, 23 (Okla. 1982); Cunningham v. Pfizer & Co., Inc., 532 P.2d 1377, 1381 (Okla. 1974).  Oklahoma generally follows the "learned intermediary" doctrine, which shields the manufacturer from liability to the user if the manufacturer adequately warns the prescribing physician.  Edwards, 933 P.2d at 300.  Subject to exceptions not relevant here, the manufacturer's duty to warn is limited to advising the prescribing or treating physician of the drug's potential dangers.  McKee, 648 P.2d at 25.

An Oklahoma medical malpractice claim has three elements: "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) the plaintiff's injuries are proximately caused by the defendant's failure to exercise his duty of care."  McKellips v. St. Francis Hosp., 741 P.2d 467, 470 (Okla. 1987); see also Robinson v. Oklahoma Nephrology Associates, Inc., 154 P.3d 1250, 1253-54 (Okla. 2007).  In the context of a prescription drug, "it is the physician's duty to inform himself of the qualities and characteristics of those products which he administers or prescribes for use of his patients, and to exercise his judgment, based on his knowledge of the patient as well as the product."

<u>McKee</u>, 648 P.2d at 24.

Oklahoma law affords a plaintiff a rebuttable presumption that an adequate warning, if given, would have been heeded. <u>Cunningham</u>, 532 P.2d at 1382.  The presumption may be rebutted by evidence that the prescribing physician already knew of the risks, see <u>Woulfe v. Eli Lilly & Co.</u>, 965 F. Supp. 1478, 1485 (E.D. Okla. 1997), or that the warning, even if read and heeded, would not have changed the prescribing physician's decision.  <u>Stafford v. Wyeth</u>, 411 F. Supp. 2d 1318, 1320-21 (W.D. Okla. 2006).

Having considered the complaint's legal theories, and viewing its allegations in the light most favorable to plaintiffs, the Court finds the purported negligence claims against Dr. Schwartz, as pleaded in the complaint, have no reasonable basis in fact or law.

Plaintiffs' complaint alleges not only that BIPI and Pfizer failed to give appropriate warnings (Compl. ¶¶ 22-24, 26-29), but further, that they deliberately concealed evidence of behavioral side effects associated with Mirapex.  (Compl. ¶¶ 12-14, 31-33.) Assuming, as the Court must, these allegations to be true, the risks attendant to Mirapex were neither known to nor readily discoverable by Dr. Schwartz.  This being so, Dr. Schwartz cannot be liable in negligence under Oklahoma law.

It is not sufficient for plaintiffs to assert that Dr. Schwartz knew or should have known of the risks of Mirapex.

Rather, having alleged the risks were concealed, they must allege some facts tending to show why or how Dr. Schwartz could have acquired the requisite knowledge.  Plaintiffs have failed to do so. Accordingly, there is no basis upon which to hold Dr. Schwartz liable in negligence for failing to warn Ms. Wilhoit of the side effects of Mirapex.

Plaintiffs' counsel suggested at oral argument - with no supporting facts having been alleged in the complaint - that Dr. Schwartz continued to prescribe Mirapex to Ms. Wilhoit after December, 2005, subsequent to defendants BIPI and Pfizer first warning physicians of behavioral side effects.  However, the Court must consider the issue of fraudulent joinder as of the time of removal.  <u>Pullman Co., Inc. v. Jenkins</u>, 305 U.S. 534, 537 (1939). As these allegations were not pleaded at that time, and indeed, have not been pleaded to date, they cannot defeat a claim of fraudulent joinder.

Plaintiffs also suggest Dr. Schwartz had a duty to monitor Ms. Wilhoit's progress on Mirapex and inquire as to new side-effects or symptoms.  Plaintiffs cite no case, and the Court is aware of none, establishing such a duty under Oklahoma law.  This Court has no reason to predict the Oklahoma Supreme Court will create such a duty, and accordingly, the "failure to monitor" claims have no reasonable basis in fact or law.

At oral argument, the Court requested supplemental briefing

from the parties on the issue of prescribing Mirapex "off-label" to patients suffering from RLS.  Dr. Schwartz prescribed Mirapex to treat RLS prior to the federal Food and Drug Association's approval of Mirapex for that specific purpose (but after the FDA had approved it to treat Parkinson's disease).

Having reviewed the parties' submissions and Oklahoma case law, the Court cannot agree with plaintiffs' suggestion that an off-label prescription alone may violate Dr. Schwartz's duty of care.  Off-label use is legal and generally accepted.  See Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 351 and n. 5 (2001).  The federal Food, Drug and Cosmetic Act expressly disclaims any intent to regulate the practice of medicine:

> Nothing in this chapter shall be construed to limit or interfere with the authority of a health care practitioner to prescribe or administer any legally marketed device to a patient for any condition or disease within a legitimate health care practitioner-patient relationship.

21 U.S.C. § 396.   And federal district courts in Oklahoma have rejected the theory that off-label uses give rise to a cause of action for negligence per se.   See, e.g., Alexander v. Smith & Nephew, P.L.C., 98 F. Supp. 2d 1310, 1321 (N.D. Okla. 2000); Johnson v. Smith & Nephew Richards, Inc., 1999 WL 1117105, *2 (N.D. Okla. 1999).   Plaintiffs have cited no case, and the Court is aware of none, suggesting off-label prescriptions breach any physician's duty of care in Oklahoma.   These claims are utterly without basis in fact or law.

7

Finally, the parties have advised the Court that 7 of the 27 actions currently pending in MDL No. 07-1836 involve claims that Mirapex was prescribed for RLS.   Accordingly, the Court sees no reason why these issues are not suitable for coordinated pretrial resolution.

Plaintiffs' motion for remand is denied.   The matter will remain part of MDL No. 07-1836.

III.   Conclusion

For the foregoing reasons, plaintiffs' motion [Docket No. 21] is denied.

IT IS SO ORDERED.

Dated:   March 13, 2009

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States District Judge